Kelley Lumber Company, Respondent, vs. Woelfel, Appellant.

*June 5—June 26, 1957.*

For the appellant there was a brief by *Potter & Smith* of Racine, and oral argument by *Louis D. Potter*.

For the respondent there was a brief by *La France, Thompson, Greenquist, Zahn & Dye* of Racine, and oral argument by *John F. Thompson*.

FAIRCHILD, J. The circuit court concluded that the facts alleged in the complaint include the essential elements of quasi contract as set forth in *Nelson v. Preston* (1952), 262 Wis. 547, 55 N. W. (2d) 918. These are listed (p. 550):

"(1) A benefit conferred upon the defendant by the plaintiff;

"(2) Appreciation by the defendant of the fact of such benefit;

"(3) Acceptance and retention by the defendant of such benefit, under circumstances such that it would be inequitable to retain the benefit without payment of the value thereof."

In *Nelson v. Preston,* the plaintiff furnished services and materials for the construction of houses on lots owned by defendant. The services and materials were ordered by defendant's son, who was not an owner of the property and was not the agent of defendant, but had some interest in the houses under construction. The defendant benefited by the increase in value of her interest in the property. This court decided that plaintiff was entitled to recover from defendant because it was inequitable for her to retain the benefit without payment.

Liberally construing the allegations of the complaint now before us, it alleges a knowing acceptance and retention by defendant of a valuable benefit without payment. It meets the tests above quoted sufficiently for the purposes of a complaint.

At this stage, we do not know what the proof will show as to the extent of defendant's knowledge of the use of plaintiff's materials, nor the manner of her alleged acceptance and assent. We cannot anticipate what further facts may be pleaded and established by defendant to show that the transactions and relationships of the parties were such that defendant's retention of the benefits is not inequitable. All that we now hold is that plaintiff has stated facts which entitle it to service of an answer and trial of the issues so made.

*By the Court.*—Order affirmed.