Arjay Investment Company, Respondent, v. Kohlmetz, Appellant.

*February 1—March 8, 1960.*

For the appellant there were briefs and oral argument by *Rudolph L. Forrer* of Milwaukee.

For the respondent there was a brief and oral argument by *Thomas E. Torphy* of Milwaukee.

HALLOWS, J.  The trial court in its decision characterized this case in the following words:

"Prior to December 28, 1956, there were discussions between Rudolph J. Steinbacher (now deceased) and Lilian Kohlmetz regarding the acquisition of an interest in land. Both of those parties were seasoned lawyers, but, reminiscent of the proverbial cobbler's shoeless children, the attorneys' understanding was not reduced to writing."

The rule that the findings of a trial court will not be reversed on appeal unless they are contrary to the great weight and clear preponderance of the evidence is so well established and elementary as to require no citation of authorities.

The defendant strenuously contends that she made no contract with the plaintiff and all her dealings were with Rudolph J. Steinbacher individually and therefore the plaintiff is not the real party in interest. She also contends the money was a loan by the plaintiff to Steinbacher or his own money. Upon a review of the testimony we must conclude that, while the defendant thought all her dealings were with Steinbacher, they did not amount to a contract, and the check which was given her was not a loan to Steinbacher or his own money, but was the check of the plaintiff. All the findings of the trial court are supported by credible evidence except the finding that the defendant made an oral contract with the plaintiff. The mere acceptance of the plaintiff's check by the defendant under the circumstances here did not amount to an acceptance of an offer to make a contract when the defendant believed she was dealing with Steinbacher individually. A person has a right to choose with whom he wishes to contract. In our view, no agree-

ment, certainly no valid one, was made by the defendant with either Rudolph J. Steinbacher as an individual or with him as an officer and agent of the plaintiff.

Although the court found there was a contract between the plaintiff and the defendant which was invalid, the court tried the case on the theory of unjust enrichment. On page 57 of the record it appears that the court stated:

"As I understand your theory, Mr. Torphy, this court is asked to use its equitable powers to return to Arjay Investment Company moneys which it paid out for which you contend it got no consideration and which you contend would unjustly enrich the defendant if she were entitled to retain it."

In paragraph 10 of the findings the court found the defendant received the benefit of $3,000 which it would be unjust and inequitable to retain.

Under the theory of unjust enrichment it is immaterial whether the defendant and the plaintiff entered into a void contract. The plaintiff is not seeking to have the defendant perform the alleged contract. It is seeking the return of its money. Money paid under an oral contract void because of the statute of frauds may be recovered on the theory that it was paid without consideration because the law implies a promise of repayment when no rule of public policy or good morals has been violated. *Durkin v. Machesky* (1922), 177 Wis. 595, 188 N. W. 97; *Brandeis v. Neustadtl* (1860), 13 Wis. 158 (*142); *Merten v. Koester* (1929), 199 Wis. 79, 225 N. W. 750.

However, in actions on the theory of quasi contracts which are legal actions ruled by equitable principles, recovery is allowed on a quasi-contractual obligation when it is shown that the defendant has received a benefit from the plaintiff and the retention of the benefit by the defendant is inequitable. Woodward, Law of Quasi Contracts, p. 9,

sec. 7; *Dunnebacke Co. v. Pittman* (1934), 216 Wis. 305, 257 N. W. 30; *Richland County Bank v. Joint School Dist.* (1933), 213 Wis. 178, 250 N. W. 407. A quasi contract is not a genuine contract and no promise of repayment need be shown. A quasi contract means there is no contract in fact but the parties will be treated under the circumstances as if there had been a contract. To fit the theory into the old requirement of forms of action it was said that the action was for money had and received. Recovery is based upon the universally recognized moral principle that one who has received a benefit has the duty to make restitution when to retain such benefit would be unjust. Woodward, Law of Quasi Contracts, p. 8, sec. 6 (4) ; see also *Grossbier v. Chicago, St. P., M. & O. R. Co.* (1921), 173 Wis. 503, 181 N. W. 746; *Miller v. Schloss* (1916), 218 N. Y. 400, 113 N. E. 337; *Graf v. Neith Co-op. Dairy Products Asso.* (1934), 216 Wis. 519, 257 N. W. 618.

The rationale of the cases allowing recovery for money had and received on the theory of quasi contracts is that the law creates or imposes an obligation in the absence of any agreement or assent of the party bound in those situations when the acts of the parties or others have placed in the possession of one party property or money or other things of value under such circumstances that in equity and in good morals such person ought not to keep it. *Nelson v. Preston* (1952), 262 Wis. 547, 55 N. W. (2d) 918; *County of Sheboygan v. City of Sheboygan* (1932), 209 Wis. 452, 245 N. W. 87. It is the duty of such a person to return the property or its value, which is the basis for recovery, not his promise, agreement, or intention. The facts alleged in the complaint and those findings of the court, which are not against the great weight and clear preponderance of the evidence, include the essential elements of a quasi

contract. See *Kelley Lumber Co. v. Woelfel* (1957), 1 Wis. (2d) 390, 83 N. W. (2d) 872.

The defendant, a lawyer of good standing, acknowledges her willingness to repay the $3,000. Her contention is that she should be protected from the claims of any creditors of the estate of Rudolph J. Steinbacher. No proceeding to probate his estate has been commenced. This is a natural and legitimate concern for one placed in her position. Because in our view of the evidence no contract was made by her with Steinbacher and the money she received from him was delivered in his capacity as president of the plaintiff corporation, and the other necessary facts are proven, we must hold that the trial court did not err in allowing recovery on the theory of quasi contracts.

*By the Court.*—Judgment affirmed.