DON GANSER & ASSOCIATES, INC., Plaintiff, v. MHI, INC., and another, Defendants and Appellants: CARMEN CONSTRUCTION COMPANY, INC., Intervening Defendant and Respondent.

*May 9—June 7, 1966.*

For the appellants there was a brief and oral argument by *Howard E. Halaska* of Elm Grove, attorney, and *David L. Walther* of Milwaukee of counsel.

For the respondent there was a brief and oral argument by *Richard L. Novotny* of Milwaukee.

BEILFUSS, J. The second amended cross complaint contains substantially the same allegations as the amended cross complaint. This being so the trial court was of the opinion that the order overruling the demurrer to the first amended cross complaint was *res judicata* as to the demurrer to the second amended cross complaint. The

respondent, Carmen, concedes that the order sustaining a demurrer is not *res judicata* as to the same questions raised by a subsequent demurrer.

In *United States Fidelity & Guaranty Co. v. Pullen* (1939), 230 Wis. 137, 283 N. W. 462, the court held, at p. 141:

"The trial court concluded, in passing upon the demurrer to the amended complaint, that because no appeal was taken from the order sustaining a demurrer to the original complaint, the court's ruling in sustaining the latter demurrer constituted the law of the case excepting in so far as the amendment supplied allegations which were lacking in the original complaint, and which are necessary to set forth a cause of action. That conclusion was erroneous. The practice is well settled that 'an order of the trial court sustaining a demurrer to a pleading is not *res adjudicata* upon the same questions raised upon a second demurrer.' [Cases cited.]"

See also *Watson v. Appleton* (1885), 62 Wis. 267, 22 N. W. 475; *Hackett v. Carter* (1875), 38 Wis. 394; *Schoenleber v. Burkhardt* (1896), 94 Wis. 575, 69 N. W. 343; *Rogers v. John Week Lumber Co.* (1903), 117 Wis. 5, 93 N. W. 821.

The sole issue then on this appeal is whether the second amended cross complaint states a cause of action.

Because the trial court recognized the second amended complaint to be substantially the same as the amended cross complaint it is probable it would have ruled the same as to both cross complaints. The trial court was of the opinion, that for the purpose of demurrer, the cross complaint of Carmen did state a cause of action against MHI and Voight for money had and received.

The appellants view the cross complaint as an attempt by a subcontractor with no privity of contract with the owner to state a cause of action for unjust enrichment.

The elements of unjust enrichment in a subcontractor's action are (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of

the fact of such benefit, and (3) acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment of the value thereof. *Kelley Lumber Co. v. Woelfel* (1957), 1 Wis. (2d) 390, 391, 83 N. W. (2d) 872; *Superior Plumbing Co. v. Tefs* (1965), 27 Wis. (2d) 434, 437, 134 N. W. (2d) 430.

In *Utschig v. McClone* (1962), 16 Wis. (2d) 506, 509, 510, 114 N. W. (2d) 854, we stated:

"By the subcontractors' lien statutes, sec. 289.02, Stats., and following, the law has offered security and protection to a subcontractor. His failure to avail himself of the remedy so provided does not produce for him a right to recover payment directly from an owner who did not employ him and with whom he had no contract. Of course the subcontractor retains his right to proceed against the party who employed him."

Both *Utschig* and *Superior Plumbing Co.* must be distinguished. In neither of those cases did the subcontractor perfect a lien against the land of the owner as Carmen did in this instance.

From the cross complaint it appears that Carmen had a valid and enforceable lien for services and materials furnished under ch. 289, Stats. Carmen gave up its right to enforce its lien by satisfying it as of record and can no longer resort to an action against the land because of the statutory time limitations. The lien rights were surrendered in exchange for the funds to be held in escrow to satisfy Carmen's claim by stipulation of *all* the parties or by order of a court of record.

Under the allegations of the cross complaint this is not, strictly speaking, an action by a subcontractor against the owner based upon unjust enrichment. Carmen had a right to pursue its claim by foreclosure of its statutory lien. Assuming, as we must, that the notice of lien was properly filed, Carmen could pursue its right independent of MHI and Voight's obligations to Ganser. Carmen gave up this right which was an obvious benefit

to MHI and Voight in exchange for the agreement to allow it to assert its claim against the escrow fund. The fund was not to be disbursed except upon a stipulation of *all* the parties or upon order of a court of record. The claim of Carmen is that it did not stipulate to the final disbursement of the fund and that the order of the court was obtained "by withholding information from the above-entitled Court, erroneously, fraudulently, and improperly . . . without authority or consent of . . . [Carmen]."

The appellants contend plaintiff's allegation that the order of dismissal was obtained "erroneously, fraudulently, and improperly" are conclusions of law and are insufficient to state a cause of action. This contention must fail for two reasons: (1) The allegation (paragraph 15 of the cross complaint) does not refer to the order of dismissal but alleges the appellants wrongfully caused the escrow fund to be disbursed to them, and (2) the wrongful acts alleged to have transpired were the withholding of information from the court and obtaining the release of the funds without the authority or consent of Carmen.

The cross complaint does not seek to set aside the order directing the bank to disburse the funds to the appellants but rather seeks to state a cause of action against the appellants for improperly causing a release of the escrow fund.

In passing upon this issue the trial court, in its memorandum opinion, stated:

"The cross complaint states facts which are essential to the elements of the theory of money had and received. *Kelley Lumber Co. v. Woelfel,* (1957) 1 Wis (2d) 390; *Arjay Investment Co. v. Kohlmetz,* (1959), 9 Wis. (2d) 535.

"At 539, the court states:

" 'The rationale of the cases allowing recovery for money had and received on the theory of quasi contracts

is that the law creates or imposes an obligation in the absence of any agreement or assent of the party bound in those situations when the acts of the parties or others have placed in the possession of one party property or money or other things of value under such circumstances that in equity and in good morals such person ought not to keep.' (Citing cases.)

"As long ago as 1844, in *Rogers v. Bradford,* 1 Pinney 418, the court held that when one receives money from another for a particular purpose, and converts it to his own use or uses for a different purpose from that intended, or neglects or refuses to apply it to the purpose designated, it may be recovered back in an action for money had and received.

"The complaint, as we read it now, sufficiently establishes that a misdeed was performed in having the monies withdrawn from the trust account without the knowledge and consent of the impleaded defendant. However, we say, as the court did in *Kelley Lumber Co. v. Woelfel,* supra, 392:

" 'At this stage, we do not know what the proof will show as to the extent of defendant's knowledge of the use of plaintiff's materials, nor the manner of her alleged acceptance and assent. We cannot anticipate what further facts may be pleaded and established by defendant to show that the transactions and relationships of the parties were such that defendant's retention of the benefits is not inequitable. All that we now hold is that plaintiff has stated facts which entitle it to service of an answer and trial of the issues so made.'

"At this juncture of the proceedings we do not know whether the actions of the impleaded defendant add up to one of inequity. We have now but the bare allegations. We shall have to await a full trial of the issues."

We agree with the trial court's analysis and conclusion. The cross complaint of the interpleaded defendant Carmen does state a cause of action. Its eventual recovery in this action, however, if any, must be limited to the moneys alleged to have been wrongfully returned to the defendants from the escrow fund.

*By the Court.*—Order affirmed.