GEBHARDT BROS., INC., Respondent, v. BRIMMEL, Appellant.

*June 7—July 1, 1966.*

582

For the appellant there was a brief and oral argument by *Willis J. Zick* of Waukesha.

For the respondent there was a brief by *James D'Amato*, attorney, and *James J. Caldwell* of counsel, and oral argument by *Neal Nettesheim*, all of Waukesha.

HEFFERNAN, J. As a defense, the defendant-appellant now raises for the first time the contention that the present plaintiff is a corporation and that there is no evidence to show that the debts due its predecessor, a partnership, were assigned to the corporate plaintiff. We make no determination of the merits of this defense, for, as this court has frequently said, we will not countenance the raising of issues for the first time in this court when they might well have been disposed of at or prior to trial. *E. M. Boerke, Inc., v. Williams* (1965), 28 Wis. (2d) 627, 631, 137 N. W. (2d) 489. While we have said that this rule is "one of administration and not of power" *(Culligan, Inc., v. Rheaume* (1954), 268 Wis. 298, 310, 67 N. W. (2d) 279), nevertheless, this court "will not consider assignments of error as to issues which have not been presented to the trial court," and we see no reason to depart from that policy in this case. Clearly, this matter could have been resolved in the circuit court.

*Is the plaintiff entitled to recover under
a theory of unjust enrichment?*

We have previously held that, though there is no express contract, there may be circumstances where, by conduct of the parties, it becomes unjust or inequitable for one party to fail to pay for the goods or services furnished by another. We have previously stated that three

elements must be established in order that a plaintiff may establish a claim based on unjust enrichment. These elements are: (1) A benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. *Superior Plumbing Co. v. Tefs* (1965), 27 Wis. (2d) 434, 437, 134 N. W. (2d) 430; *General Accident Fire & Life Assur. Corp. v. Bergquist* (1961), 15 Wis. (2d) 166, 170, 111 N. W. (2d) 900; *Home Savings Bank v. General Finance Corp.* (1960), 10 Wis. (2d) 417, 422, 103 N. W. (2d) 117, 81 A. L. R. (2d) 580; *Arjay Investment Co. v. Kohlmetz* (1960), 9 Wis. (2d) 535, 539, 101 N. W. (2d) 700; *Kelley Lumber Co. v. Woelfel* (1957), 1 Wis. (2d) 390, 391, 83 N. W. (2d) 872; *Nelson v. Preston* (1952), 262 Wis. 547, 550, 55 N. W. (2d) 918; *Dunnebacke Co. v. Pittman* (1934), 216 Wis. 305, 311, 257 N. W. 30.

The first two of these elements have been adequately proved, and the finding that 150 loads of earth were delivered to the defendant's property is not contrary to the great weight and clear preponderance of the evidence. We cannot, however, concur with the learned trial judge's legal conclusion that under the circumstances it was inequitable for the defendant Brimmel to retain the benefit without the payment of its value. That conclusion overlooks the clear and undisputed testimony of Brimmel that the cost of the fill was included in the price agreed upon between him and the general contractor. The evidence could support no other finding. The facts also show that there was an express contract between Gebhardt and Semrow, the general contractor, for the payment of the fill. That Gebhardt recognized this is apparent from the fact that no effort was made to collect from Brimmel until efforts to collect on the express contract with Semrow had proved to be fruitless. Although the trial court made no finding that there

was an express contract between Semrow and Gebhardt, the evidence admits of no other conclusion.

As we have previously said, we find no equity in favor of the plaintiff when the relationship of the plaintiff to the defendant is that of subcontractor to owner and when the evidence indicates that the owner has either paid the general contractor for the benefits furnished or is obligated to do so. *Superior Plumbing Co. v. Tefs, supra,* 27 Wis. (2d) at 438. See also *Supreme Construction Co. v. Olympic Recreation* (1959), 7 Wis. (2d) 74, 83, 95 N. W. (2d) 826, 96 N. W. (2d) 809.

We conclude that it would be inequitable to find the owner Brimmel liable on an implied contract to Gebhardt when, as here, there was an express contract between the contractor Semrow and the subcontractor Gebhardt. This case is directly governed by our decision in *Superior Plumbing Co. v. Tefs* (1965), 27 Wis. (2d) 434, 134 N. W. (2d) 430. We therein held that a subcontractor must resort for payment to the principal contractor and not to the owner of the property and that the owner is not liable on an implied contract simply because he has received goods or services or knows that the services have been rendered. In that case we quoted with approval from *Utschig v. McClone* (1962), 16 Wis. (2d) 506, 509, 114 N. W. (2d) 854, stating:

"By the subcontractors' lien statutes, sec. 289.02, Stats., and following, the law has offered security and protection to a subcontractor. His failure to avail himself of the remedy so provided does not produce for him a right to recover payment directly from an owner who did not employ him and with whom he had no contract."

Under these circumstances we conclude that it is inequitable to expect the owner to pay the subcontractor. We cannot agree with the trial judge, who stated that Brimmel's only recourse would be against Semrow. Rather, we must conclude that if Gebhardt has been wronged by this transaction, that he rely upon our pronouncement in the *Utschig Case,* where we stated at page

510 that, "Of course the subcontractor retains his right to proceed against the party who employed him." If he has not availed himself of his lien rights under the statutes, and is unable to now collect from the general contractor, the loss must be borne by him and not by the owner, who has the right to rely upon his agreement with the principal contractor.

*By the Court.*—Judgment reversed.