PRECISION ERECTING, INC., Plaintiff,

v.

AFW FOUNDRY, INC., Defendant-Third-Party Plaintiff-Respondent,

M&I MARSHALL & ILSLEY BANK, G.A.P., Inc., Central Acoustical Supply House and Verhalen, Inc., Defendants,

v.

SCHMITZ READY MIX, INC., and August H. Wulf, Inc., Third-Party Defendants-Appellants,

RBA, INC., Third-Party Defendant-Co-Appellant,

LIPPERT TILE COMPANY, INC., Cedarburg Lumber Company, Circle Electric, Inc., IDAC/CAD, Inc., Nambe Mills, Inc., Waste Management, Inc., A&R Door Service, Inc., AATFAB Corporation, d/b/a Carpenter Technology Communications & Security, American K–9 Services, Inc., Bonafide Doors & Hardware, Inc., Fast Signs, Federal Express, Finial, Inc., JBD Enterprises, Koester Corporation, Labor Ready, Inc., Williams Steel & Supply Company, Antonic & Associates, Ltd., and AGT Corporation, Third-Party Defendants.

Court of Appeals

No. 98–0922. Submitted on briefs May 11, 1999.—Decided June 30, 1999.

(Also reported in 598 N.W.2d 614.)

190

On behalf of the third-party defendant-appellant Schmitz Ready Mix, Inc., the cause was submitted on the briefs of *William A. Rinehart* of *Rinehart, Scaffidi & Mathews* of Milwaukee.

On behalf of the third-party defendant-appellant August H. Wulf, the cause was submitted on the briefs of *William A. Rinehart* of *Rinehart, Scaffidi & Mathews* of Milwaukee.

On behalf of the third-party defendant-co-appellant RBA, Inc., the cause was submitted on the briefs of *Terence P. Fox* of *Dewane, Dewane, Kummer, Lambert & Fox* of Manitowoc.

On behalf of the defendant-third-party plantiff-respondent, the cause was submitted on the briefs of *Thad W. Jelinske, Donald A. Allen* and *Matthew R. Falk* of *Domnitz, Mawicke, Goisman & Rosenberg, S.C.* of Milwaukee.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.   These three appellants provide us with the opportunity to flesh out our issue preclusion

holding in *Precision Erecting, Inc. v. M&I Marshall & Ilsley Bank*, 224 Wis. 2d 288, 592 N.W.2d 5 (Ct. App.) (hereinafter *Precision Erecting I*), *review denied*, 225 Wis. 2d 489, 594 N.W.2d 383 (1998). There, we held that when "a litigant who is not the subject of the motion for summary judgment nonetheless has reason to dispute the facts supporting the motion, it is that litigant's duty to appear and object to the motion." *Id.* at 292–93, 592 N.W.2d at 7. In that case, as in the case of one of the three appellants here, the party's claim hinged on another's status as agent or general contractor. In a previous summary judgment the trial court had ruled that the individual was a general contractor. We held that issue preclusion barred relitigation of the issue. *See id.* at 301, 592 N.W.2d at 11. The same is true here for the party seeking to reopen this finding under the guise of apparent authority and we affirm the summary judgment regarding that party. The other two appellants' claims, on the other hand, involve factual allegations not at issue in the previous summary judgment. Issue preclusion thus does not bar these claims. We reverse and remand these causes.

## Background

*Precision Erecting I* and the present appeal arise out of an improvement project undertaken by AFW Foundry, Inc. (AFW). AFW entered into an agreement with Jeffrey Antonic, of Antonic & Associates, Ltd. (Antonic), for Antonic to coordinate the improvement project. Their agreement was memorialized in a document entitled Finalized Project Agreement, which listed all the projects that Antonic was to supervise. Several subcontractors and materialmen were involved in the project. Precision Erecting, Inc.; Schmitz Ready Mix, Inc. (Schmitz); and August H.

Wulf, Inc. (Wulf) all filed suit against AFW when AFW quit paying their bills. Schmitz' and Wulf's cases were consolidated with Precision Erecting's case, in which Schmitz, Wulf, RBA, Inc. and others were named as third-party defendants in AFW's third-party complaint. That complaint alleged that Antonic was a general contractor, not AFW's agent, and thus AFW's liability was limited to the balance due under the contract between AFW and Antonic. AFW then moved for summary judgment on the complaint and requested that the court enter judgment establishing AFW's total exposure to liability under the contract. This the court did. We will refer to this summary judgment as the 1996 summary judgment.

In *Precision Erecting I*, Nambe Mills, Inc. (Nambe), one of the third-party defendants, appealed from a subsequent summary judgment in favor of Nambe for eighteen percent of its claim. *See id.* at 295, 592 N.W.2d at 8. The trial court had ruled that Nambe was precluded from relitigating Antonic's status, upon which Nambe's claim depended. *See id.* at 301, 592 N.W.2d at 11. As we noted there, "a summary judgment motion by its very nature alleges certain facts to be undisputed." *Id.* at 292, 592 N.W.2d at 7. Thus, "Nambe should have asserted itself at the [1996] summary judgment stage if it felt that material facts regarding Antonic's status were in dispute." *Id.* at 301, 592 N.W.2d at 11. We therefore affirmed the summary judgment establishing the extent of AFW's liability to Nambe.

As it did with Nambe, AFW moved for summary judgment in favor of the three third-party defendants here in order to establish its total liability to each of them. Each of the three countered with its own motion for summary judgment. The trial court granted sum-

mary judgment to AFW in all three cases, finding that "these present contractors still cannot show a contract with AFW, but rather with the party whom this court had found to be the general contractor who had no authority to bind AFW, namely Jeff Antonic." Judgment was entered in favor of each—Wulf, RBA and Schmitz—but only for a small fraction of what each claimed AFW owed it. All three appeal. We address each case in turn.

### *Wulf's Appeal*

For Wulf we reach the same conclusion as we did with regard to Nambe in *Precision Erecting I*: its claim depended on Antonic's status as an agent and it should have come forward earlier if it disputed any facts alleged in AFW's 1996 summary judgment motion. Wulf claims it is saved from issue preclusion because Antonic's actual agency status is irrelevant to its claim that Antonic acted with apparent authority and that it was reasonable for it to rely on this ostensible agency relationship.

Our supreme court recently surveyed issue preclusion case law and explained the two-step review of a trial court's decision to apply issue preclusion to a litigant who was not a party to the prior proceeding. *See Paige K.B. v. Steven G.B.*, 226 Wis. 2d 210, 224, 594 N.W.2d 370, 377 (1999). The first step is a question of law. "If, as a matter of law, the litigant against whom issue preclusion is being asserted is not in privity or does not have sufficient identity of interest with a party to the prior proceeding, applying issue preclusion to the litigant would violate his or her due process rights and the analysis ends." *Id.* at 12. This first step need not detain us long. An identity of interest inquiry is unnec-

essary here because Wulf has been a party to this case all along.

The second step in the issue preclusion analysis involves the use of discretion in considering an array of factors, some of which present questions of law. *See id.* at 12; *Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327, 330–31 (1993) (listing factors to consider). Application of the *Crozier* factors in this case was discussed in *Precision Erecting I, see Precision Erecting I*, 224 Wis. 2d at 305–09, 592 N.W.2d at 13–15, and only one factor presents an even arguably different result in this appeal—"is the question one of law that involves two distinct claims?" *Crozier*, 173 Wis. 2d at 689, 495 N.W.2d at 330.

■

Here, Wulf's apparent authority claim is not distinct enough from the agency issue litigated in the 1996 summary judgment to save Wulf from issue preclusion. In *Precision Erecting I*, Nambe's answer to AFW's complaint alleged that "Antonic . . . had express, actual, ostensible, implied or apparent authority to enter into this agreement by and on behalf of AFW." In its brief in opposition to the 1996 summary judgment, Nambe claimed that deposition testimony "clearly establishes [Antonic's] status as an agent with actual or implied authority." Nambe also raised apparent authority on appeal. While not explicitly addressing the doctrine, we implicitly rejected the claim. We held that "[t]he issue—Antonic's status as agent or general contractor—was the same in the first proceeding [the 1996 summary judgment] as in the second [the Nambe summary judgment]." *Precision Erecting I*, 224 Wis. 2d at 307, 592 N.W.2d at 13. The same is true here. Antonic's authority, whether express or implied, was clearly at the heart of the 1996 summary judgment, just as it is at

the heart of Wulf's claim now. Without repeating the entire rationale of *Precision Erecting I*, we simply say that if Wulf did not agree that there were no facts in dispute regarding Antonic's status, "it should have come forward at that time." *Id.* at 309, 592 N.W.2d at 14. Wulf was properly precluded from relitigating this issue and we affirm the summary judgment as to Wulf.

*Schmitz' Appeal*

The trial court erroneously exercised its discretion when it applied issue preclusion to bar Schmitz' claim because Schmitz' cause of action did not depend on Antonic's status as agent or general contractor. In our review of the trial court's decision, we focus on the second *Crozier* factor, as we did with Wulf. Schmitz claims that "AFW's actions, by making partial payment on account and by receiving and retaining the statements rendered by Schmitz without objection, created an account stated between the parties." Whether there was an account stated between AFW and Schmitz, independent of Antonic, is a separate question from the extent of Antonic's authority. This claim should not have been barred by issue preclusion.

Rather than rule on Schmitz' account-stated claim via the application of issue preclusion, the trial court should have engaged in summary judgment analysis. The procedure for summary judgment has been detailed in numerous cases, *see, e.g., Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473, 476–77 (1980), and we need not repeat it here. Instead, we cut to the heart of the matter: were there material facts in dispute regarding Schmitz' account-stated claim such that summary judgment was inappropriate? *See* § 802.08(2), STATS. Although the trial court did not rule

on the account-stated claim, we are in as good a position as the trial court to decide the question. In deciding whether summary judgment should have been granted, we apply the same methodology as the trial court. *See Board of Regents v. Mussallem*, 94 Wis. 2d 657, 674, 289 N.W.2d 801, 809 (1980). That is, we must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Section 802.08(2). When both parties move for summary judgment, each claiming that there is no material fact in dispute, the trial court or the reviewing court still may decide, as a matter of law, that there are indeed material facts in dispute. *See City of Edgerton v. General Cas. Co.*, 184 Wis. 2d 750, 764, 517 N.W.2d 463, 470 (1994); *Grotelueschen v. American Family Mut. Ins. Co.*, 171 Wis. 2d 437, 461–62, 492 N.W.2d 131, 140–41 (1992) (Abrahamson, J., dissenting).

We conclude that here there are material facts in dispute regarding the alleged account stated. "An account stated is an agreement between a debtor and creditor that the items of a transaction between them are correctly stated in a statement rendered, that the balance shown is owed by one party to the other and that the party has promised to pay that balance to the other." *Stan's Lumber, Inc. v. Fleming*, 196 Wis. 2d 554, 565, 538 N.W.2d 849, 853 (Ct. App. 1995). The promise to pay may be actual or implied from the debtor's actions, such as partial payment. *See id.* at 565–66, 538 N.W.2d at 853–54. Schmitz claims that it "mailed regular monthly statements to AFW commencing June 1, 1995." AFW denies receiving these statements. Also,

AFW argues that since Antonic was a general contractor, Schmitz must look only to Antonic for payment. *See Gebhardt Bros., Inc. v. Brimmel,* 31 Wis. 2d 581, 585, 143 N.W.2d 479, 481 (1966). Schmitz responds that an account stated may still exist between itself and AFW, despite the existence of a general contract with Antonic. Whether a direct relationship arose between AFW and Schmitz, via monthly statements and partial payment, is a disputed factual question. Summary judgment on this ground would be inappropriate, so we reverse the summary judgment with respect to Schmitz and remand.

### RBA's Appeal

■

Like Schmitz, RBA raised an issue that was independent of Antonic's status and thus AFW should not have been granted summary judgment with respect to RBA.[1] RBA claimed that it "was contacted by AFW Foundry, Inc. to bid a job" and that "at all times during the AFW job, RBA, Inc. was communicating with and obtaining the approval of Robert Gertsmeier, President and owner of AFW." Furthermore, RBA stated that "we invoiced AFW . . . and were paid by AFW . . . for some of our work on this job." If it is true that RBA dealt solely with AFW and not with Antonic, the 1996 summary judgment determining that Antonic was a general contractor does not cut off RBA's claim against AFW. Additionally, RBA seems to make an account-stated

---

[1] RBA filed a motion for summary judgment "based on the pleadings and discovery . . . and the brief in support of said motion, which will be filed momentarily." The promised brief is not in the record. RBA did file an affidavit of its executive vice-president. It is from this document that we glean RBA's summary judgment claims.

claim. At the least, RBA's affidavit raises disputed issues of material fact. Summary judgment was inappropriate and we reverse the judgment with respect to RBA and remand.

### Use of Deposition from Foreign Proceeding

Finally, AFW objects to the use, by all three appellants, of a deposition of Jeffrey Antonic taken in Nambe's New Mexico case against AFW. We have not relied on that deposition in our analysis, so the point is moot and we do not consider it. *See Featherly v. Continental Ins. Co.*, 73 Wis. 2d 273, 285, 243 N.W.2d 806, 815 (1976).

### Conclusion

In this multi-party suit, AFW seeks to bind several third-party defendants to the findings of fact and conclusions of law in a summary judgment against one of the third-party defendants. Previously, in *Precision Erecting I*, we held that those third-party defendants who failed to come forward when they knew their claims depended on the outcome of that summary judgment were precluded from relitigating the issue. Here, we hold the same is true for the third-party defendant who now seeks to reopen the previously litigated issue. However, those third-party defendants whose claims are not dependent on the first outcome should not be precluded from pursuing their claims.

*By the Court.*—Judgment affirmed; judgments reversed and causes remanded.