Robert B. Townsend and Bruce P. Moriarty,
Plaintiffs,

Timothy Hopfensperger, Jeffrey L. Martis,
Monica Schoen and David E. McCarthy,
Plaintiffs-Appellants,

v.

Neenah Joint School District,
Defendant-Respondent.†

Court of Appeals

*No. 2013AP2839. Submitted on briefs June 26, 2014.*
*—Decided October 22, 2014.*

2014 WI App 117

(Also reported in 856 N.W.2d 644.)

† Petition for review filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Charles J. Hertel* and *Heath G. Mynsberge* of *Dempsey Law Firm, LLP* of Oshkosh.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Ronald Stadler* and *Aaron Graf* of *Gonzalez Saggio & Harlan*, LLP of Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. BROWN, C.J. When one thinks of a "class action," what comes to mind is an attorney filing a claim on behalf of many claimants, most of whom the attorney does not even know, much less represent. In Wisconsin, that type of class action, the type with unnamed claimants, is never possible against the government because claimants against the government must give notice of their identities and their claims before filing suit. By definition unnamed claimants cannot identify themselves and their claims before filing suit.

¶ 2. Not all class actions, however, are the type with unnamed claimants. Some class actions are on behalf of a large number of individual, named claimants asserting similar claims. Nothing in Wisconsin law bars

this other type of class action, sometimes called a "mass action," against the government, so long as the claimants gave notice of their claims before suing.

¶ 3. This appeal is a class action of the second type, with numerous named plaintiffs. We think lumping all mass actions as typical class actions was what led the trial court to transform the rule barring unnamed-claimant actions into a heightened proof requirement for the notice of claim in this case. In this opinion we will explain what the statutes and case law say about multiple-party claims against governmental entities in Wisconsin. We will also clarify the two prongs of the notice of claim statute, and the standard of proof under both prongs, which is "substantial compliance." When we clarify those matters, we see why this decision must be reversed.

### Facts

¶ 4. This case is a lawsuit brought by teachers in the Neenah Joint School District concerning the District's decision to amend the teachers' retirement plan. In April 2013, six teachers employed by the District filed a complaint "on behalf of themselves and all other persons similarly situated" asserting legal claims for damages arising out of changes to the District's retirement plan. The teachers alleged that changes to the retirement plan in 2012 "effectively terminated the [prior retirement plan] and, in its place, provided a retirement benefit that is wholly insignificant in comparison."

¶ 5. The teachers asserted that before filing the lawsuit, they served the District with notice of their claims as required by WIS. STAT. § 893.80(1d) (2011–12).[1] They attached a copy of their notice of claim to the

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

complaint, along with a copy of the District's letter denying the claim.

¶ 6.　The notice of claim document begins by naming two particular claimants, Robert Townsend and Bruce Moriarty, who purport to submit the claims "on their own behalfs and as representatives of the teachers" whose identifying information and damage claims are itemized on a spreadsheet attached to the notice as an exhibit. The notice states that the "claim is submitted as a class action claim pursuant to WIS. STAT. § 803.08," with Townsend and Moriarty serving as class representatives. In the next paragraph the notice states that "[t]he teachers identified on [the attached list] submit this claim as a class pursuant to WIS. STAT. § 803.08." It asserts that each individual in the class is similarly situated to Townsend and Moriarty and has a claim that "mirror[s]" those of Townsend and Moriarty. The notice then sets forth factual allegations and legal arguments and states a claim for "$61,120,687.68 less actuarial discounts" in compensatory damages. Of particular importance to this court, the document is signed by an attorney "for Claimants *and Class.*" (Emphasis added.) It is unclear from the record whether all of the teachers on the list attached to the notice of claim knew that they were on the list. However, it is clear that all of the people on the list were notified once the claim was submitted and were informed that they could opt out.

¶ 7.　The District's letter denying the claims is addressed to Moriarty and Townsend. It states that the District "voted . . . to disallow in its entirety the claim . . . for Neenah Joint School District faculty." It further states:

> Please be advised that no action on this claim may be brought against the Neenah Joint School District after six months from the date of service of this notice pursuant to [WIS. STAT. § 893.80].

623

It indicates that a copy was sent to "Claimant's Attorney."

¶ 8. The District moved to dismiss the lawsuit on several grounds, including that the notice of claim was defective. The District asserted that of the six plaintiffs in the lawsuit, only two, Townsend and Moriarty, were "identified" in the notice of claim. The District acknowledged that the notice "included" an attached exhibit listing the names and amounts of "purported class members." The District asserted, however, that nowhere in the notice of claim did Townsend and Moriarty assert "authority to file the notice of claim on behalf of the purported class members" or "efforts . . . to contact the individual potential class members to receive such necessary authority." The District cited WIS. STAT. § 893.80 and case law requiring that the notice of claim must "at the minimum identify the claimants and show that the claims are being made by their authority." *Hicks v. Milwaukee Cnty.*, 71 Wis. 2d 401, 407, 238 N.W.2d 509 (1976). The District argued that § 893.80 bars the actions of any of the plaintiffs who were not the named claimants in the notice of claim (i.e., everyone other than Townsend and Moriarty).[2]

¶ 9. The plaintiffs responded that the notice of claim "substantially complied" with the requirements of WIS. STAT. § 893.80 for all of the plaintiffs because the District had actual notice of all of the claims and was

---

[2] In addition to the arguments concerning deficient notice, the District made other arguments for dismissal. The District argued the claims should be dismissed based on ripeness and because tort causes of action were not identified in the notice of claim and cannot arise out of contract. The District also argued that the case was not appropriate for class action procedures because individual questions of fact would override common questions.

not prejudiced by any alleged defect in the notice.[3] The plaintiffs also argued that the District should be estopped from asserting deficiency in the notice of claim as a defense because, the plaintiffs alleged, the District's actions induced the plaintiffs to believe that their notices had been received. According to the plaintiffs, "if not for the actions of [the District], all class members could have filed a separate notice of claim if [the District] had not informed them that they were included in" the denied notice of claim.

¶ 10. In reply, the District argued that "substantial compliance" is only effective with respect to the first subsection of the statute, Wis. Stat. § 893.80(1d)(a). As for the second subsection, § 893.80(1d)(b), the District argued, substantial compliance "has no application." Instead, the District claimed that under *Hicks*, the notice was not effective if it failed to "show that the claims are being made by . . . authority" of the claimants.

¶ 11. The trial court denied the motion to dismiss the claims of Townsend and Moriarty but dismissed without prejudice the claims of the rest of the plaintiffs. The court stated that Wis. Stat. § 803.08, under *Hicks*, "has no application to the procedure in making claims against the [S]chool [D]istrict." The court asserted that "no claim has been filed by anyone other than" the two claimants named as representatives of the class and that "nothing contained in the notice of claim and notice of circumstances [states] that claims on behalf of the other claimants is made by their authority." The plaintiffs appeal.

───────────

[3] In addition to the arguments about whether the notice was defective, the plaintiffs responded to the District's other arguments for dismissal.

## When Class Action and Notice of Claim Procedures Collide

¶ 12. This appeal involves two specialized procedural rules—the class action procedure, WIS. STAT. § 803.08, and the notice of claim requirement for suing the government, WIS. STAT. § 893.80—rules that sometimes conflict. The class action statute applies because, with more than 200 teachers wishing to assert essentially the same claim regarding the retirement plan changes,[4] the plaintiffs invoked the class action procedures. The notice of claim requirement applies because this is an action against a governmental body, so before filing the suit, the plaintiffs must have provided the District with notice of the claim and an opportunity to accept or deny it. Sec. 893.80.

██

¶ 13. The conflict between class action and notice of claim procedures arises because the procedural mechanism that allows a single plaintiff in a Wisconsin court to sue on behalf of many claimants does not apply at the notice of claim stage. Under the class action statute, the provision that "one or more may sue or defend for the benefit of the whole" means that in court one or more representative plaintiffs may present claims on behalf of a group of unidentified persons whose interests the plaintiffs claim to represent. WIS. STAT. § 803.08. But under WIS. STAT. § 893.80, each person who wants to sue the government must identify himself or herself and present his or her claim to the governmental entity in question before filing any lawsuit. *See Markweise v. Peck Foods Corp.*, 205 Wis. 2d 208, 216–18, 556 N.W.2d 326 (Ct. App. 1996) (discussing

---

[4] We express no opinion on the viability of the underlying claims regarding the retirement plan changes.

intersection of the class action and notice of claim procedures in action asserting injuries from cryptosporidium in Milwaukee drinking water).

██

¶ 14. The Wisconsin[5] courts have resolved the tension between the class action statute and the notice of claim statute by concluding that "[t]he class-action procedure . . . does not trump" the notice of claim requirement. *Id.* at 217. Instead, "a document presenting multiple claims against a county must at the minimum identify the claimants and show that the claims are being made by their authority." *Carpenter v. Racine Comm'r of Pub. Works*, 115 Wis. 2d 211, 216, 339 N.W.2d 608 (Ct. App. 1983) (quoting *Hicks*, 71 Wis. 2d at 407). Therefore a class action in which representatives sue on behalf of unidentified persons may never be pursued against a governmental body in Wisconsin.[6] *See Markweise*, 205 Wis. 2d at 219 (notice of claim's

---

[5] The same procedural conflict has arisen in many United States jurisdictions and has been resolved in varying ways. *See* Phillip E. Hassman, Annotation, *Maintenance of Class Action Against Governmental Entity as Affected by Requirement of Notice of Claim*, 76 A.L.R.3d 1244 (1977 & Supp. 2014).

[6] The appellants assert "abrogat[ion]" of the rule, originally set forth in *Hicks v. Milwaukee Cnty.*, 71 Wis. 2d 401, 407, 238 N.W.2d 509 (1976), that the class action statute cannot trump the notice of claim statute. Confusingly, the appellants also admit that this court has confirmed and applied that rule in dismissing purported "class action" claims against governmental bodies when WIS. STAT. § 893.80 applies, *see Carpenter v. Racine Comm'r of Pub. Works*, 115 Wis. 2d 211, 217, 339 N.W.2d 608 (Ct. App. 1983). They begrudgingly admit the existence of the *Carpenter* case, but claim it is "100% wrong." This court lacks the authority to overrule, modify, or withdraw language from its prior published opinions, *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997), even if we were inclined to do so, which we are not here. Arguments that our prior decisions are

reference to "other persons similarly situated" to the named claimants "does not satisfy the 'written notice of the circumstances of the claim' requirement of WIS. STAT. § 893.80(1)(a)"[7]).

¶ 15. Although it is true that a purported notice of claim on behalf of unnamed claimants can never comply with WIS. STAT. § 893.80, we are convinced that the overbroad wording of an explanatory note in our official statutes, citing *Hicks* for the proposition that "[t]he class action statute has *no application* to making claims against a county," has created confusion.[8] Annotation, WIS. STAT. § 803.08 (emphasis added). In fact, our law recognizes that notices presenting multiple claims, if the notice "identif[ies] the claimants and show[s] that the claims are being made by their authority," can satisfy the statutory notice requirements, even if the claims were denominated a "class action." *See Markweise*, 205 Wis. 2d at 219 (citing *Hicks*, 71 Wis. 2d at 407, and *Carpenter*, 115 Wis. 2d at 216–17). What matters is not whether the notice was labeled a "class action" but whether the claimants satisfied § 893.80.

wrong and should be reversed are more properly addressed to the Wisconsin Supreme Court. *Id.* at 189–90.

[7] In 2011, WIS. STAT. § 893.80(1) was renumbered as (1d). *See* 2011 Wis. Act 162, § 1G. So, in pre-2011 opinions, references to (1)(a). or (1)(b). are equivalent to references to (1d)(a). and (1d)(b). in the present statute.

[8] The record supports that the annotation affected the court's analysis, because the court's explanation mirrored the annotation when the court cited *Hicks* for the proposition that WIS. STAT. § 803.08 "has no application to" a notice of claim against the County. *See* Annotation, § 803.08 ("The class action statute *has no application* to making claims against a county" (citing *Hicks*, 71 Wis. 2d 401) (emphasis added)).

628

Unnamed claimants can never satisfy § 893.80, but named claimants can, even if they seek to present their claims in one big group.

¶ 16. We think what may have led to confusion is the failure to recognize that not every "class action" is the type in which representatives sue on behalf of unnamed persons. Although Wisconsin's class action statute is too brief and vague to distinguish among the different types of class actions,[9] we can look to federal securities law to illustrate the point:

> The term "covered class action" means—
>
> [a single lawsuit or group of lawsuits in which]
>
>> **(I)** damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons . . . predominate over any questions affecting only individual persons or members; or
>>
>> **(II)** one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . .

15 U.S.C. § 77p(f)(2)(A)(i) (2012); 15 U.S.C. § 78bb(f)(5)(B)(i) (2012).

---

[9] *See* Paul Benson, Joe Olson, and Ben Kaplan, *Viewpoint: A Call to Reform Wisconsin's Class-Action Statute,* 84 Wis. Lawyer 9 (Sept. 2011) (noting that the statute is mostly unchanged from its original 1898 formulation and that "because of the sparse language of [Wis. Stat. § 803.08] . . . opinions in which the courts attempted to interpret it as written are few and far between, and those that have done so often are unhelpful").

¶ 17. It is the second type of class action, an action with unnamed parties, that is not allowed against governmental entities in Wisconsin. Nothing in Wisconsin law bars the other type of class action against a governmental body, a mass action of named claimants bringing similar claims, provided that each claimant has complied with Wis. Stat. § 893.80. In *Markweise*, for instance, while the court dismissed the claims of unnamed "persons similarly situated" to the named plaintiffs, it permitted the action by the approximately 1500 "named" claimants to proceed. *Markweise*, 205 Wis. 2d at 219, 224, 228 (Schudson, J., concurring). The action was remanded for evaluation of whether "the class-action procedure remain[ed] viable" after dismissal of the unnamed claimants. *Id.* at 227.

*Hicks and Its Progeny Held That Wis. Stat. § 893.80*
*Applies to Class Claims But Imposed No Special Notice*
*Requirements for Multiple-Party Actions*

¶ 18. *Hicks* established that the class action procedures do not trump notice of claim procedures. *Hicks*, 71 Wis. 2d at 407. *Hicks* offers no guidance, however, on the standard for measuring whether a given document, purporting to provide notice of a named claimant's claim, satisfied Wis. Stat. § 893.80. In fact, *Hicks* never applied § 893.80.[10] Instead, *Hicks* was applying Wis. Stat. § 59.77 (1973), a notice of claim statute for claims against counties. *See Hicks*, 71 Wis. 2d at 407 & n.16. The provisions of § 59.77 were distinct from those of § 893.80, and of particular note, the statute mandated

---

[10] We note that what is now Wis. Stat. § 893.80 was numbered Wis. Stat. § 895.43 (1973) at the time of *Hicks. See* Wis. Stat. § 893.43 (1973) and 1979 Wis. Act 323, § 29.

that the county could require a notice of claim to be "verified by the affidavit of the claimant, his agent or attorney." Sec. 59.77(1)(b).

¶ 19. The reasoning from *Hicks*, that class action procedures do not trump notice of claim procedures, was carried over to Wis. Stat. § 893.80 by *Carpenter*, 115 Wis. 2d at 217, when the court of appeals rejected the class action of a Racine property owner suing on behalf of himself and unidentified "parties having apartment buildings of five units or more" in Racine. *Id.* at 213–14, 217. The court noted that the notice of claim statute[11] requires that "the claimant has filed a notice of claim" before filing suit. *Id.* at 215–16. Because Carpenter's notice of claim did not identify any of the members of the class of claimants nor show his authority to act for them, the unidentified claims were precluded by the statute, under the same reasoning that precluded the claims in *Hicks*. *Carpenter*, 115 Wis. 2d. at 217. Likewise, the court in *Markweise*, 205 Wis. 2d at 219, when faced with a class action in which notices "purporting to comply with § 893.80(1)(a)[], were filed by the class on behalf of named persons . . . and 'other persons similarly situated,' " held that unnamed claimants could never satisfy § 893.80(1)(a).

¶ 20. Thus, as for unnamed claimants' claims against governmental entities, *Hicks* and its progeny are the end of the analysis. For named claimants, however, the *Hicks* line of cases has little relevance. Instead, to evaluate whether named claimants gave sufficient notice under Wis. Stat. § 893.80, the issue is whether the notice they filed substantially complies

---

[11] As just noted with respect to *Hicks*, the statute that is now Wis. Stat. § 893.80 was renumbered from the earlier Wis. Stat. § 893.45 discussed in the *Carpenter* decision. 1979 Wis. Act 323, § 29.

with all the requirements of § 893.80. *See Markweise,* 205 Wis. 2d at 219 (permitting named claimants' claims to proceed).

WISCONSIN STAT. *§ 893.80 Requires*<br>*"Substantial Compliance" with*<br>*Two Different Notice Requirements*

¶ 21. To substantially comply with WIS. STAT. § 893.80, a notice must satisfy two related but distinct notice requirements. *Thorp v. Town of Lebanon,* 2000 WI 60, ¶ 22, 235 Wis. 2d 610, 612 N.W.2d 59. The first subsection of the statute imposes a "notice of injury" requirement of "written notice of the circumstances of the claim signed by the party, agent or attorney . . . served on" the governmental body in question within 120 days after the event causing the injury. Sec. 893.80(1d)(a); *Thorp,* 235 Wis. 2d 610, ¶ 23 (discussing § 893.80(1)(a), which has since been renumbered (1d)(a), *see* 2011 Wis. Act 162, § 1G)). The second subsection imposes a "notice of claim" requirement that notice of the claimant's identity and address, along with an itemized statement of relief sought, was presented to the proper person at the governmental body and was denied. Sec. 893.80(1d)(b); *Thorp,* 235 Wis. 2d 610, ¶ 28.

¶ 22. These two notice requirements give the governmental entity a chance to investigate potential claims, and to compromise and budget for settlement. *Bostco LLC v. Milwaukee Metro. Sewerage Dist.,* 2013 WI 78, ¶ 88, 350 Wis. 2d 554, 835 N.W.2d 160. When evaluating whether a particular notice fulfilled those purposes, "we have recognized that the notice of claim provisions may be satisfied with substantial, rather than strict, compliance." *Id.*

632

¶ 23. Contrary to the District's arguments, "substantial compliance" rather than strict compliance is and always has been the standard for considering whether a notice complies with WIS. STAT. § 893.80(1d)(a) *and* (b). *See, e.g., Thorp*, 235 Wis. 2d 610, ¶ 28 ("A notice must substantially comply with each of the four requirements listed in subsection (1)(b)."); *DNR v. City of Waukesha*, 184 Wis. 2d 178, 197–98, 515 N.W.2d 888 (1994), *abrogated in part on other grounds by State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 547 N.W.2d 587 (1996) (explaining that the only issue was compliance with (1)(b) and "review[ing] each of the four requirements [of (1)(b)] for substantial compliance"); *State v. Town of Linn*, 205 Wis. 2d 426, 440, 556 N.W.2d 394 (Ct. App. 1996) ("the State substantially complied with the [(1)(b)] requirement of presenting the notice of claim to the appropriate party"). The case that the District cites to support its novel argument that more than "substantial compliance" is required under subsec. (b) in fact confirms that the "substantial compliance" standard applies to the entire statute. *Bostco*, 350 Wis. 2d 554, ¶ 88 ("notice of claim provisions may be satisfied with substantial, rather than strict, compliance"). There is no question: "only substantial, and not strict, compliance with notice statutes is required." *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 55, 357 N.W.2d 548 (1984).

¶ 24. It is true that there is one important distinction between the standard for complying with the "notice of injury" requirement in WIS. STAT. § 893.80(a) and the "notice of claim" in subsec. (b). Failure to comply with subsec. (a) "shall not bar action" if the governmental body had actual notice of a claim and was not prejudiced by the failure to give the required

633

written notice. Section 893.80(1d)(a). In other words, actual notice and lack of prejudice are an alternative to the written notice for subsec. (a) but not for subsec. (b). *See* § 893.80(1d).

¶ 25. Because "actual notice" can suffice to satisfy WIS. STAT. § 893.80(a), the District concedes that compliance with subsec. (a) typically presents questions of historical fact that cannot be resolved in a motion to dismiss. So the only issue properly before us in this appeal from a motion to dismiss is whether the dismissed plaintiffs satisfied the second notice requirement, the notice of claim requirement of § 893.80(1d)(b).

*The Notice of Claim Substantially Complied with WIS. STAT. § 893.80(1d)(b)*

█

¶ 26. The language of WIS. STAT. § 893.80(1d)(b) requires as follows:

> A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . and the claim is disallowed.

This boils down to four requirements: that the notice stated each claimant's name and address, itemized the relief sought, was presented to the appropriate clerk, and was disallowed by the governmental body in question. *Thorp*, 235 Wis. 2d 610, ¶ 28. In reviewing whether a notice substantially complied with these requirements of subsec. (b), our supreme court underscored the two guiding principles:

> First, the claim must provide the governmental entity with enough information to decide whether to settle . . . .

> Second, we will construe claims so as to preserve bona fide claims for judicial adjudication, rather than cutting them off without a trial.

*Bostco*, 350 Wis. 2d 554, ¶ 89. Therefore, rather than strict construction of the notice, and trying to keep claims out of court, we are to look for substantial compliance, so as to keep claims in.

¶ 27. The plaintiffs' notice to the District substantially complied with all four requirements of Wɪs. Stat. § 893.80(b). As for the first requirement, the claimants' names and addresses, two of the claimants' names and addresses appeared in the body of the notice while the others were on the attached list. The listed claimants were labeled a "class," which was defined to include the "[t]he teachers identified on [the attached list]." The "class" of the listed teachers is further described as "individuals who are all similarly situated to [the so-called representative claimants]." Thus the notice states that all of the claimants—those named as "representatives" and those whose names are on the attached list—are presenting claims. There were no unnamed claimants.

¶ 28. As for the second requirement, itemization of damages, each of the damage claims is itemized on the same attached list.[12] Finally, there seems to be no dispute that the third and fourth requirements (service on the appropriate clerk and denial of the claim) were

---

[12] As an alternative basis for the dismissal of this claim, the District argues that the claims were not "accurately and meaningfully" itemized. The District construes the amounts of the claims as attempting to put a cash value on the claimants' future retirement benefits. The District acknowledges, however, that damages may vary from the itemized claim to the lawsuit filed after denial of the claim. The request for a

satisfied. This notice "substantially complied" with all aspects of Wis. Stat. § 893.80(1d)(b).

¶ 29. As our discussion has revealed, nothing in Wis. Stat. § 893.80(b) makes any reference to the requirement that the claimants' notice show the claim is being made "by their authority." We presume this is why *Markweise* considered "authority" to be a subsec. (a) requirement, not a subsec. (b) requirement. *See Markweise*, 205 Wis. 2d at 219 ("reference to persons as of yet unidentified does not satisfy the 'written notice of the circumstances of the claim' requirement of § 893.80(1)(a)"). Considering "authority" to bring multiple-party claims as part of the § 893.80(1d)(a) requirements makes sense, since that is the subsec. that requires a notice "signed by the party, agent or attorney." Because failure to fulfill the subsec. (a) requirements "shall not bar" action if there was actual notice and lack

---

particular dollar amount as relief for the claim is all the statute requires. *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 54–55, 357 N.W.2d 548 (1984).

The District also argues that the causes of action that were not articulated in those legal forms in the notice of claim document should be dismissed, while nonetheless admitting that "Wisconsin law does not explicitly require a claimant to identify the legal theory or cause of action" in a notice of claim. We note that in particular, there is nothing in Wis. Stat. § 893.80(1d)(b) that requires such notice. The nature of the injury is ordinarily part of the notice required by § 893.80(1d)(a), and even under that section the standard for the specificity of the nature of the claims is not particularly onerous. *See, e.g., Thorp v. Town of Lebanon*, 2000 WI 60, 235 Wis. 2d 610, ¶ 26, 612 N.W.2d 59 (letter describing zoning ordinance as "improper" and describing various improper circumstances described the claims with sufficient detail to enable defendants "to evaluate and investigate" the claims). In any event, the fact that the plaintiffs articulated their legal causes of action differently in the notice of claim than in the lawsuit does not provide a basis for dismissal under § 893.80(1d)(b).

of prejudice, *Markweise* therefore went on to consider whether the government could be deemed to have "actual notice" of the unnamed claimants' claims. *See Markweise*, 205 Wis. 2d at 219–22. In light of the fact that the "authority" requirement arises under § 893.80(1d)(a), the District's concession on appeal that compliance with § 893.80(1d)(a) is not properly before us in this appeal is dispositive.

■

¶ 30. Just as an aside, lest the District believe that there is still an issue under WIS. STAT. § 893.80(1d)(a) after remand, the court should consider the following. Per *Markweise*, 205 Wis. 2d at 219, whether claims were presented by the claimants' authority is a function of the requirement under subsec. (a) that a claim be "signed by the party, agent or attorney" or, in the alternative, that the District had actual notice. Here the notice was signed by an attorney "for Claimants and Class," and the "class" was defined as the persons whose names, addresses, and claims were itemized on the attached list. If the notice of claim were a pleading in court, the attorney's signature would have sufficed to indicate his status as representative for the identified clients and "need not be verified or accompanied by affidavit." WIS. STAT. § 802.05(1). Nothing in § 893.80(1d)(a), nor any other statute or case of which we are aware, justifies a stricter requirement for verification of an attorney's authority to represent claimants in a notice of claim.[13] To the contrary, while the claim "must be definite enough to fulfill the purpose of the claim statute," i.e., enable the governmental body to

---

[13] We can foresee that the question of authority as an aspect of WIS. STAT. § 893.80(1d)(a) could arise in another case, so we also note that actual notice and lack of prejudice suffice under that subsection.

decide whether to settle, "notices of claim should be construed so as to preserve bona fide claims." *DNR*, 184 Wis. 2d at 198; *see also Bostco*, 350 Wis. 2d 554, ¶ 89.

### Conclusion

¶ 31. No court of which we are aware has ever dismissed on "authority" grounds the claims of claimants whose names, addresses, and claim amounts were itemized in a notice of claim. The class actions dismissed by *Hicks* and its progeny were claims by unnamed, unidentified claimants. Where the notice identified the claimants, their addresses, and their claim amounts, and was signed by an attorney asserting that he represented all of the claimants, it was error for the trial court to dismiss claims on the grounds that "nothing contained in the notice of claim and notice of circumstances [showed] that claims on behalf of the other claimants [were] made by their authority."[14]

*By the Court.*—Order reversed.

[14] Although we do not consider it relevant to interpreting the notice of claim, we note that the District's letter denying the claim suggests that the District did understand the notice of claim to present claims of all the teachers listed, when it states that the District has disallowed "in its entirety the claim . . . for Neenah Joint School District faculty."