COURT OF APPEALS
DECISION
DATED AND FILED

June 14, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP453**

STATE OF WISCONSIN

Cir. Ct. No. **2020CV705**

IN COURT OF APPEALS
DISTRICT III

CURTIS CORBEILLE,

   PLAINTIFF-APPELLANT,

 V.

ELISA BARONE-CORBEILLE,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Brown County: THOMAS J. WALSH, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Curtis Corbeille appeals the circuit court's order dismissing his complaint against Elisa Barone-Corbeille.[1] Specifically, Corbeille appeals the dismissal of his claims for unjust enrichment, intentional misrepresentation, and negligent misrepresentation. Because we agree with the court that Corbeille failed to state a claim on which relief can be granted, we affirm.

## BACKGROUND

¶2 We take the following facts from Corbeille's amended complaint. In 2011, Corbeille and Barone, who were then married, purchased a home in Green Bay for $118,000. They agreed to have the property titled in the name of Barone's parents, Louis and Barbara Barone, due to there being a money judgment filed against Corbeille.[2] Corbeille alleges that at the time of purchase, "[i]t was agreed by all … that said property belonged to Corbeille and Barone jointly." Corbeille paid the mortgage and property taxes. To make these payments, Corbeille deposited his paychecks into a checking account that was under Barone's name.

¶3 Corbeille alleges that in 2016, "Barone engaged in a scheme to transfer the property out of her name, to her parents." Barone drafted and presented a quitclaim deed for Corbeille to sign. Barone told Corbeille that

---

[1] Because the parties share a similar surname, we will refer to the appellant as "Corbeille" and the respondent as "Barone."

[2] Although Corbeille's amended complaint is not clear on this point, Barone's motion to dismiss included the original deed, which shows that the property was initially titled to Barone and her parents.

signing the document would simplify their divorce proceedings. Corbeille signed the quitclaim deed, and Barone filed for divorce approximately one month later. Corbeille alleges that "until their divorce was finalized … both parties lived at the property with the understanding that when the property would eventually be sold, the proceeds would be split between Corbeille and Barone equally." The divorce was finalized in April 2017.

¶4 After the divorce, Corbeille continued to live at the property and contributed to the mortgage payment until the property was sold in April 2018. Corbeille alleges that Barone again promised Corbeille that any proceeds from the sale of the property would be split equally, even though the title to the property was in her parents' names. Corbeille alleges that in reliance on this promise, he provided $40,000 worth of money and labor for remodeling that increased the property's value. He alleges that Barone knew of, and consented to, these improvements. In April 2018, the property was sold for $181,000. Corbeille alleges that Barone "recovered over $85,884.70 from the sale of the property." Barone has rejected Corbeille's demands for a share of these proceeds.

¶5 Corbeille filed a civil action against Barone, seeking to recover more than $40,000. Barone filed a motion to dismiss, asking the circuit court to take judicial notice of various documents from the parties' divorce and from a previous lawsuit that Corbeille had filed against Barone's parents claiming that he was entitled to a portion of the proceeds from the sale of the home. After Barone filed her motion to dismiss, Corbeille filed an amended complaint: Count one alleged

"Fraud: Negligent and/or Intentional Misrepresentation;" Count two alleged unjust enrichment; and Count three alleged breach of contract.[3]

¶6 Barone filed a motion to dismiss the amended complaint, again asking the circuit court to take judicial notice of documents from the parties' divorce and Corbeille's earlier lawsuit against Barone's parents. These documents included the quitclaim deed described in Corbeille's amended complaint, in which Barone and Corbeille both quitclaimed their respective interests in the property to Barone's parents prior to their divorce proceedings.

¶7 In his brief in opposition to Barone's motion to dismiss, Corbeille argued that Barone had "provided zero justification or case law to support dismissal of" his unjust enrichment claim. Corbeille conceded that his remaining claims "may not be as straightforward," but he asserted "they too must prevail at this early stage of the proceeding."

¶8 In a written decision and order, the circuit court concluded that Corbeille had failed to state any claim on which relief could be granted, and it dismissed his complaint. Corbeille appeals the dismissal of his claims for unjust enrichment, and intentional and negligent misrepresentation.

## DISCUSSION

¶9 "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted). When

---

[3] Corbeille does not appeal the dismissal of his breach of contract claim, and we therefore do not address it further.

reviewing a motion to dismiss, "we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." *Id.* (citing *Kaloti Enters., Inc. v. Kellogg Sale Co.*, 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205). "However, a court cannot add facts in the process of construing a complaint." *Id.* (citation omitted). "Furthermore, legal conclusions stated in the complaint are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss." *Id.* (citations omitted). "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review; however, we benefit from discussions of the … circuit court." *Id.*, ¶17 (citation omitted).

*I. Unjust Enrichment*

¶10 An unjust enrichment claim has three elements. *Sands v. Menard*, 2017 WI 110, ¶30, 379 Wis. 2d 1, 904 N.W.2d 789. The plaintiff must prove that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant had "appreciation or knowledge … of the benefit"; and (3) the defendant accepted or retained the benefit "under circumstances making it inequitable to do so." *Id.*; *see also* WIS JI–CIVIL 3028 (2022). In his amended complaint, Corbeille alleges that he conferred a benefit on Barone by making improvements to the home that increased its value by $70,000 to $80,000, that Barone "was aware and consented to the improvements," and that it would be inequitable to allow Barone to keep the proceeds from the sale of the home without reimbursing Corbeille.

¶11 The circuit court determined that Corbeille had failed to state a claim for unjust enrichment because at the time he made these improvements, the home was titled to Barone's parents and not Barone. The court reasoned that Corbeille's

improvements may have benefitted Barone's parents when the home was sold, but Corbeille had not conferred a benefit on Barone herself.

¶12    In this appeal, Corbeille argues that the circuit court made a "critical error" when it "determin[ed] that Barone did not receive a benefit from Corbeille's work and contributions because she was not on the title of the property." Corbeille argues that instead of focusing on the title to the property, the court should have focused on his allegation that Barone received the proceeds from the sale. To support this argument, Corbeille points out that an unjust enrichment claim sounds in equity, citing *General Split Corp. v. P & V Atlas Corp.*, 91 Wis. 2d 119, 124, 280 N.W.2d 765 (1979). Accordingly, Corbeille argues that "[t]he principles of fairness and equity are not concerned if Barone was actually on the title of property when it was sold[,] simply that she was the party who received an inequitable benefit."

¶13    Corbeille does not offer any authority to suggest that the circuit court had discretion to overlook the facts relating to legal title. To the contrary, Corbeille's argument relies on cases that involve unjust enrichment claims against the owners of property.[4] For example, Corbeille relies on *Watts v. Watts*, 137 Wis. 2d 506, 405 N.W.2d 303 (1987), in which the plaintiff sought a share of "property accumulated during [a] nonmarital cohabitation relationship." *Id.* at 510. As part of the plaintiff's claim for unjust enrichment, the plaintiff asked that "a constructive trust be imposed on the assets that the defendant acquired during

---

[4] The lone exception is *General Split Corp. v. P & V Atlas Corp.*, 91 Wis. 2d 119, 280 N.W.2d 765 (1979), which involves a real estate leasing company that overcharged a lessee for shared utilities. *Id.* at 121. Corbeille does not make any attempt to explain how the facts of that case support his argument, nor do we see any connection.

their relationship." *Id.* at 533. In contrast, Corbeille's claim centers on an asset to which both parties had quitclaimed their interests during the course of their marriage. *Watts* is inapposite.

¶14    The remaining unjust enrichment cases that Corbeille cites are similarly unhelpful, because they each involve a defendant who owned real property. In *Puttkammer v. Minth*, 83 Wis. 2d 686, 266 N.W.2d 361 (1978), an asphalt company provided resurfacing services to a supper club that was leasing property from the defendant. *Id.* at 687. The proprietor of the supper club filed for bankruptcy, leaving the asphalt company unpaid. *Id.* at 688. The asphalt company then sued the property owner, alleging "that a benefit ha[d] been conferred on the defendant in that the value of his property ha[d] been enhanced." *Id.* at 689. The circuit court dismissed the complaint "because there had been no showing that the owner needed or wanted the resurfacing." *Id.* at 695. Our supreme court took issue with this reasoning because the dismissal "may [have been] based on a misconception that lack of privity precludes the existence of a cause of action for unjust enrichment." *Id.* The court explained that a claim for unjust enrichment "may be asserted by a subcontractor or contractor against an owner without any contractual relation between the parties." *Id.* Thus, *Puttkammer* relieves a plaintiff from having to demonstrate a contractual relationship with a defendant. However, nothing in *Puttkammer* suggests that a plaintiff who has improved real property can recover from someone other than the owner of that property.

¶15    Likewise, Corbeille's reliance on *S & M Rotogravure Service, Inc. v. Baer*, 77 Wis. 2d 454, 252 N.W.2d 913 (1977), does not help him establish a cognizable unjust enrichment claim against Barone. That case involved a third-party complaint brought by Arthur W. Baer, Inc. ("Baer"), based on

remodeling and construction work that Baer had performed on real estate owned by D & R Investment Company ("D & R"). *Id.* at 461. The circuit court concluded that Baer had stated a claim for unjust enrichment against D & R. *Id.* at 460. Our supreme court affirmed the circuit court. *Id.* at 472. In rejecting D & R's arguments, the supreme court pointed to cases allowing recovery when "the defendant had a joint or common ownership interest in the property improved because of service and materials furnished by the contractor." *Id.* at 465 (citing *Kelley Lumber Co. v. Woelfel*, 1 Wis. 2d 390, 83 N.W.2d 872 (1957), and *Nelson v. Preston*, 262 Wis. 547, 55 N.W.2d 918 (1952)). This line of precedent involving defendants with a joint or common ownership interest in improved property does not help Corbeille because the facts here establish that Barone had already quitclaimed any ownership interest in the property to her parents by the time Corbeille made the improvements.[5]

¶16 In sum, Corbeille has not pointed to any legal authority that would support his argument that "fairness and equity are not concerned if Barone was actually on the title of property when it was sold." Here, the circuit court applied the proper standard of law when it determined that in order to state a claim for unjust enrichment, Corbeille needed to show that he conferred a benefit on Barone. *See Data Key Partners*, 356 Wis. 2d 665, ¶31 ("[T]he sufficiency of a

---

[5] Barone argued that the circuit court was permitted to take judicial notice of the quitclaim deed, citing WIS. STAT. § 902.01(4) (2019-20) and *Menominee Indian Tribe of Wisconsin v. Thompson*, 922 F. Supp. 184, 195 (W.D. Wis. 1996). Although Corbeille argues that the court should have looked beyond the facts relating to legal title, he does not develop any argument that the court made a procedural error in considering the quitclaim deed as part of a motion to dismiss.

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

complaint depends on [the] substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled.").  Because Barone had no interest in the property at the time Corbeille made the improvements, the court reasonably concluded that Corbeille could not, as a matter of law, establish the first element of his claim for unjust enrichment.  We therefore affirm the court's dismissal of Corbeille's unjust enrichment claim.

## II.  Intentional Misrepresentation

¶17     To state a claim for intentional misrepresentation, the plaintiff must establish five elements:

> (1) the defendant made a representation of fact;
>
> (2) the representation was untrue;
>
> (3) the defendant made the representation either knowing that it was untrue, or recklessly not caring whether it was true or false;
>
> (4) the defendant made the representation with the intent to deceive the plaintiff in order to induce the plaintiff to act on it to plaintiff's pecuniary damage; and
>
> (5) the plaintiff believed that the representation was true and relied on it.

*Malzewski v. Rapkin*, 2006 WI App 183, ¶17, 296 Wis. 2d 98, 723 N.W.2d 156.

¶18     Moreover, when a claim is based on fraud, "the circumstances constituting fraud … shall be stated with particularity."  WIS. STAT. § 802.03(2).  Particularity "requires specification of the time, place, and content of an alleged false misrepresentation," meaning "the 'who, what, when, where, and how.'"  *Friends of Kenwood v. Green*, 2000 WI App 217, ¶14, 239 Wis. 2d 78, 619 N.W.2d 271 (citation omitted).  The circuit court determined that Corbeille had

9

not "pled sufficient facts to state a claim for intentional misrepresentation." Instead, Corbeille's complaint "merely asserts legal conclusions," which "are not accepted as true."

¶19     In this appeal, Corbeille argues that he did specifically list the "who, what, when, where and how of Barone's assertions." We disagree. The closest that Corbeille comes to providing the required details is the following allegation in paragraph 33 of the amended complaint: "[a]fter the divorce, Barone promised to Corbeille that if the property was sold, they would share the proceeds from any future sale equally, even though the title of the property was in Barone's parent's [sic] names." However, the amended complaint is devoid of any specifics as to when, where, and how Barone made this promise, as well as any details to suggest that Barone made this statement with the intent to fraudulently induce Corbeille to make improvements to the property. Similarly, Corbeille offers no details regarding how Barone was going to share the proceeds from the sale when her parents were the ones who owned the property.

¶20     Corbeille argues that he is unable to provide further detail about Barone's false statements without the benefit of discovery. This argument misses the mark, and is also nonsensical, given that Corbeille is in the best position to provide details of the promises on which he allegedly relied. In applying WIS. STAT. § 802.03(2), we explained that "the particularity requirement affords notice to a defendant for the purposes of a response." *Friends of Kenwood*, 239 Wis. 2d 78, ¶14. Additionally, this requirement is "designed to protect defendants whose reputation could be harmed by lightly made charges of wrongdoing involving moral turpitude, to minimize 'strike suits,' and to discourage the filing of suits in the hope of turning up relevant information during discovery." *Id.* (citation omitted). In other words, § 802.03 does not allow Corbeille to make vague

allegations and then use discovery to develop additional facts. Instead, to state a claim for intentional misrepresentation, Corbeille must be able to allege sufficient detail at the pleading stage, without awaiting discovery. Because Corbeille failed to do so, we conclude that the circuit court properly dismissed Corbeille's claim for intentional misrepresentation.

*III. Negligent Misrepresentation*

¶21    A claim for negligent misrepresentation requires Corbeille to allege that: "(1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant was negligent in making the representation; and (4) the plaintiff believed that the representation was true and relied on it." *See Malzewski*, 296 Wis. 2d 98, ¶20. Corbeille's amended complaint changed his claim in Count one from "Fraud" to "Fraud: Negligent and/or Intentional Misrepresentation." As a result, Corbeille's claim for negligent misrepresentation rested on the same allegations as his claim for intentional misrepresentation, discussed above. The circuit court dismissed Corbeille's negligent misrepresentation claim because the amended complaint did not allege "any facts to show that Barone was negligent in making the representation."

¶22    In this appeal, Corbeille does not point to any facts alleged in the amended complaint that demonstrate that Barone was negligent. Instead, he reiterates his argument that Barone knowingly made false representations to him. Corbeille argues that "the same reasoning for Corbeille's intentional misrepresentation argument applies to his negligent misrepresentation claim" and that "[t]he only difference is the standard is considerably less." Accordingly, he contends that "nothing more is required at the pleading stage."

11

¶23 Once again, Corbeille's argument misses the mark. In determining whether a complaint states a claim, the circuit court must accept as true "all facts well-pleaded in the complaint and the reasonable inferences therefrom." **Data Key Partners**, 356 Wis. 2d 665, ¶19. The circuit court cannot, however, "add facts in the process of construing a complaint." **Id.** The facts that Corbeille relied upon for his intentional misrepresentation claim do not contain any allegation that Barone was negligent in making the false representation, and Corbeille does not develop any argument to suggest that the court should have reasonably inferred negligence from those facts.

¶24 Instead, in Corbeille's reply brief, he argues that his negligent misrepresentation claim only requires him to allege that "Barone made … false statements and caused Corbeille damages." Corbeille then cites **Stuart v. Weisflog's Showroom Gallery, Inc.**, 2008 WI 86, ¶34, 311 Wis. 2d 492, 753 N.W.2d 448, for the proposition that "proof of intent or knowledge of falsity is not required in … negligent misrepresentation claims." While **Stuart** helps establish what is *not* required for a negligent misrepresentation claim, it does not support Corbeille's argument that the circuit court should have inferred negligence from the facts that Corbeille did allege.

¶25 In short, Corbeille has not developed any argument to challenge the circuit court's determination that the well-pleaded facts and reasonable inferences that could be drawn from Corbeille's amended complaint failed to state a claim for negligent misrepresentation on which relief could be granted. *See* **Data Key Partners**, 356 Wis. 2d 665, ¶19. We therefore conclude that the court properly dismissed that claim as well.

12

*By the Court*.—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.